

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. V. C. Goodman,
Vice-Chairman of the Committee
    created by House Simple Resolu-
    tion 232,
House of Representatives,
Route 1, Box 423,
Ft. Worth, Texas

Dear Sir:

Opinion No. O-5558

Re: Validity of House Simple
Resolution No. 323, with regard
to the continuation of legis-
lative investigation committee
activities after the adjournment
of the 48th Legislature.

        This will acknowledge receipt of your letter of recent
date requesting the opinion of this department on the above
styled subject. We quote in part from your letter as follows:

        "I desire to have an opinion as to the validity
of House Simple Resolution 232.

        "I have had several law firms in Fort Worth
to pass on this resolution. They tell me that House
Simple Resolution 232 is not a valid resolution af-
ter the close of the 48th Session of the Legislature.

        "They also gave me an opinion on House Simple Resolu-
tion 306, a supplement to House Simple Resolution 232,
which supplement appropriated $2,500.00 for the con-
tinuance of this committee. They state the wording of
the supplement did not make House Simple Resolution 232
valid insomuch as it uses as a basis for the appropria-
tion House Simple 232.

        "The reason I want this opinion is that a great
deal of criticism is developing because of the inactivity
of this committee. The public is criticizing all mem-
bers of this committee. We are having to take this crit-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

icism because the Chairman will do nothing about it and if this continues, I shall be compeled to ask for dissolution of this committee.

"It is a shame that the State's money should be squandered in this manner and most especially that such a need investigation is not being made.

"I will appreciate your opinion on the validity of this resolution. Personally, I do not believe the committee has any authority whatsoever to act after the Session. I want your opinion in case I cannot straighten this out and get something done."

On May 3, 1943, House Simple Resolution No. 232, providing for a committee to investigate the sale of certain meat from dead, cancerous and other sick animals, was offered and adopted by the House of Representatives. This resolution appears on pages 2623 and 2625 of the House Jornal, Texas 48th Legislature. This committee was empowered to hold investigations, summons witnesses, compel their attendance, punish for contempt, make their own rules of procedure and report their findings to the Legislature during the 48th Session or any future session. On the same day unanimous consent was granted to increase the members of the committee from five to eight and the Speaker of the House appointed the members of the committee. See page 2639 of House Jornal.

On May 11, 1943, the committee appointed by virtue of House Simple Resolution No. 232, reported to the House the work that had been done by the committee. This report appears on pages 3061 to 3063 of the House Journal, the contents of which attempted to show the deplorable conditions existing in the stockyards and slaughtering plants of this State. The report concluded with the recommendation that the committee be instructed to make further investigations in an effort to formulate adequate legislation that will stop the sale of diseased meat for human consumption. On the same day, House Simple Resolution No. 306 was offered and adopted. It reads in part as follows:

"Be It Resolved that an appropriation of twenty-five hundred ($2,500.00) dollars be appropriated

out of the contingent expense fund of the House of
Representatives for the purpose of defraying the ex-
penses of said committee after the 4?th Legislature
has adjourned, in order that said committee, operat-
ing under House Simple Resolution No. 232, may con-
tinue to investigate and bring to public attention
such practices, in order that such practices may be
stopped."

The Supreme Court of Texas in the case of Terrell vs.
King, 118 Tex. 237, 14 S. W. (2d) 786, held that either House of
the Legislature by its own resolution could create and authorize
a committee to sit and act after adjournment of the session.  We
quote in part from the decision as follows:

"Since each house continues in existence after
the end of a legislative session, as determined in
Ferguson v. Maddox, 114 Tex. 93, 95, 96, 263 S. W.
888, and since each house is invested with independ-
ent responsibilities and duties, and is the sole
judge of its own rules of procedure, we think the
power of each house or of the Legislature cannot
be denied to name committees to sit, either dur-
ing sessions of the Legislature or in recess, for the
purpose of gathering information considered requi-
site or helpful to enlightened or efficient legisla-
tion.

"The authority of each house to use legisla-
tive committees of inquiry and investigation is af-
firmed in Cooley's Constitutional Limitations (8th
Ed.) at page 275, where the author says:

"'Each house must also be allowed to proceed
in its own way in the collection of such informa-
tion as may seem important to a proper discharge of
its functions and whenever it is deemed desirable
that witnesses should be examined, the power and au-
thority to do so is very properly referred to a com-
mittee, with any powers short of final legislative
or judicial action as may seem necessary or exped-
ient in the particular case.'"

This decision is also an expression of the recognized legisla-
tive practice in Texas.

In Opin. No. O-95 this department held that a simple house resolution may create a committee and authorize it to sit and act after adjournment of the session but during the term of office of the Legislature.

House Simple Resolution No. 232 created a committee to make investigations into sales of diseased meat for human consumption and to report to the 48th Session of the Legislature or any future session. This is indicative of the fact that the committee was empowered to sit and act after adjournment of the present session, especially so in view of the limited time between the creation of the committee and the adjournment of the Legislature. We are thus of the opinion that House Simple Resolution No. 232 created a committee which could sit and act after the adjournment of the Legislature.

Assuming the committee created by House Simple Resolution No. 232 did expire upon the adjournment of the 48th Legislature, although we believe to the contrary, nevertheless, this committee was revived by House Simple Resolution No. 306 which extended the committee created by House Simple Resolution No. 232 to operate after the adjournment of the 48th Legislature and appropriated a certain sum out of the contingent expense fund of the House of Representatives for the purpose of defraying the expenses of the committee. We believe that a resolution can be revived by a subsequent resolution with reference only to its title without a recitation of its contents as required of a law, since the courts do make a distinction between a resolution and a law. See Mosheim v. Rollins, 79 S. W. (2d) 672, writ of error dismissed.

It is, therefore, the opinion of this department that House Simple Resolution No. 232, 48th Legislature, is a valid resolution and the committee created thereby may sit and act after the adjournment of the 48th Legislature up to the convening of the 49th Legislature.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/    Fred C. Chandler
                    Assistant

By /s/        Robert O. Koch

ROK:db:bbh

APPROVED SEPT. 11, 1943
Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
By - G.W.B., Chairman